Jeffrey S. Whittington, Esq./SBN 236028
Email: jwhittington@KBRlaw.com
Sadaf Bathaee, Esq./SBN 276096
Email: sbathaee@KBRlaw.com
KAUFMAN BORGEEST & RYAN LLP
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendants,
INDIAN HARBOR INSURANCE COMPANY,
and XL SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| YARDI SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INDIAN HARBOR INSURANCE COMPANY, a North Dakota Corporation; XL SPECIALTY INSURANCE COMPANY, a Delaware Corporation; and DOES 1 - 10, inclusive, <br><br> Defendants. | Case No. CV13-00277 DDP (JCx) <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION:

PLEASE TAKE NOTICE that defendants, Indian Harbor Insurance Company and XL Specialty Insurance Company (hereinafter collectively referred to as "defendants"), hereby remove to this Court the state action described below:

1. On December 7, 2012, an action was commenced in the Superior Court

---
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441

Printed on Recycled Paper
2090014

of the State of California in and for the County of Los Angeles, entitled *Yardi Systems, Inc. v. Indian Harbor Insurance Co., et al.*, as Case No. BC497064 (the "State Court Action"). The State Court Action seeks damages arising out of defendants' denial of coverage under an insurance policy.

2. The first date upon which defendant XL Specialty Insurance Company received a copy of the complaint was December 14, 2012, when it was served with a copy of the complaint and summons from the Los Angeles Superior court. The first date upon which defendant Indian Harbor Insurance Company received a copy of the complaint was December 17, 2012, when it was served with the complaint and summons from the Los Angeles Superior Court. A true and correct copy of the summons and complaint is attached hereto as Exhibit A.

## JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs because defendant is informed and believes that plaintiff seeks damages in excess of $75,000.

4. As of the initiation of the State Court Action and at the time of removal, there is complete diversity of citizenship amongst the parties, and the defendants are not citizens of the State of California.

5. Plaintiff Yardi Systems, Inc. is a corporation incorporated under the laws of the State of California and having its principal place of business in the State of California.

6. Defendant XL Specialty Insurance Company is a corporation

incorporated under the laws of the State of Delaware and having its principal place of business in the State of Connecticut.

7. Defendant Indian Harbor Insurance Company is a corporation incorporated under the laws of the State of North Dakota and having its principal place of business in the State of Connecticut.

8. Defendants DOES 1 – 10 are all fictitiously named defendants whose citizenship, for purposes of removal, is disregarded pursuant to 28 U.S.C. § 1441(a).

Respectfully submitted,

Dated: January 11, 2013        KAUFMAN BORGEEST & RYAN LLP

By:  s/Jeffrey S. Whittington
Jeffrey S. Whittington, Esq.
Sadaf Bathaee, Esq.
Attorneys for Defendants
INDIAN HARBOR INSURANCE COMPANY and XL SPECIALTY INSURANCE COMPANY

Printed on Recycled Paper
2090014

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INDIAN HARBOR INSURANCE COMPANY, a North Dakota Corporation; XL SPECIALTY INSURANCE COMPANY, a Delaware Corporation; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YARDI SYSTEMS, INC.

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL**
**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 07 2012

John A. Clarke, Executive Officer/Clerk
BY _Cristina Grijalva_, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012
Central District

CASE NUMBER:
*(Número del Caso):*
**BC497064**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ERIC BERG (State Bar No. 95647)    Phone: (805) 963-7000 Fax: (805) 965-4333
21 East Carrillo Street
Santa Barbara, CA 93101

DATE: DEC 07 2012  John A. Clarke         Clerk, by CRISTINA GRIJALVA, Deputy
*(Fecha)*                                  *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use          **SUMMONS**          American LegalNet, Inc.     Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                www.FormsWorkflow.com      www.courtinfo.ca.gov
SUM-100 [Rev. July 1, 2009]

D41
Ronald M. Sohigian

BRADLEY A. LEVIN (Cal. State Bar No. 95647)
ROBERTS LEVIN ROSENBERG PC
1660 Wynkoop St., Ste. 800
Denver, Colorado 80202
Telephone: 303.575.9390
Facsimile: 303.575.9385

ERIC BERG (State Bar No. 134621)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101-2706
Telephone: 805.963.7000
Facsimile: 805.965.4333

Attorneys for Plaintiff
YARDI SYSTEMS, INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 07 2012

John A. Clarke, Executive Officer/Clerk
BY Cristina Grijalva, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| YARDI SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INDIAN HARBOR INSURANCE COMPANY, a North Dakota Corporation; XL SPECIALTY INSURANCE COMPANY, a Delaware Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. **BC 497064** <br><br> Assigned for All Purposes to the Honorable <br><br> COMPLAINT FOR: <br><br> 1. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <br><br> 2. BREACH OF CONTRACT <br><br> 3. DECLARATORY JUDGMENT |

Plaintiff, Yardi Systems, Inc., for its Complaint against Defendants, states as follows:

## INTRODUCTION

1. Plaintiff, Yardi Systems, Inc. ("Yardi"), brings this lawsuit against its liability insurance carrier, Indian Harbor Insurance Company, a subsidiary of XL Specialty Insurance Company, for unreasonably failing to reimburse Yardi's defense fees and costs incurred in connection with an underlying litigation, and for its wrongful denial of indemnity coverage

SB 632110 v1:040723.0104

1

COMPLAINT

## PARTIES

2. Yardi is, and at all relevant times was, a California corporation with its principal place of business located in Santa Barbara, California.

3. Defendant, Indian Harbor Insurance Company ("Indian Harbor"), is, and at all times relevant was, a North Dakota corporation with its principal place of business located in Stamford, Connecticut. Upon information and belief, Indian Harbor is authorized to conduct and has conducted continuous and substantial business activities within California, which makes it amenable to the exercise of personal jurisdiction by this Court.

4. Defendant, XL Specialty Insurance Company, is, and at all times relevant was, a Delaware corporation with its principal place of business located in Stamford, Connecticut. XL is authorized to conduct and has conducted continuous and substantial business activities within California, which makes it amenable to the exercise of personal jurisdiction by this Court.

5. Defendants Indian Harbor and XL Specialty Insurance Company will be collectively referred to herein as "XL."

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names pursuant to California Code section 474. Plaintiff further alleges that each of said fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiff will amend this Complaint to show these defendants' true names and capacities when the same are ascertained, as well as the specific manner in which each fictitious defendant is responsible.

7. Upon information and belief, at all times pertinent, each defendant was an agent, manager, director, trustee, officer, servant, employee, co-conspirator and/or joint venturer of each remaining defendant, and was at all times acting within the course and scope of that agency, management, direction, trust, office, service, employment, co-conspiracy and/or joint venture.

## VENUE

8. Venue is proper in this Court because the injury to Plaintiff which gave rise to this matter occurred in Los Angeles County.

SB 632110 v1:040723.0104

2

COMPLAINT

## FACTUAL BACKGROUND

9. Yardi is a provider of high-performance software solutions for the real estate industry.

10. Indian Harbor, a subsidiary of XL Specialty Insurance Company, issued Technology Services and Miscellaneous Professional, Technology Products, Network Security, Privacy, and Media Content Services Errors and Omissions Policy, Number MTP0033496, to Yardi for a policy period of October 22, 2010 to October 22, 2011, with a $5,000,000 Aggregate Limit of Liability (the "Policy").

11. On January 24, 2011, Yardi filed a lawsuit in Federal District Court in Los Angeles against RealPage, Inc. ("RealPage"), a competitor of Yardi, alleging, among other things, that RealPage wrongfully infiltrated Yardi's password protected internal website and appropriated copyrighted and trade secret software and other information (the "Lawsuit").

12. In response to Yardi's complaint, RealPage asserted counterclaims, including claims for misappropriation of trade secrets; violation of sections 1 and 2 of the Sherman Act; violation of the California Cartwright Act; intentional interference with contract; intentional interference with prospective economic advantage; and unfair competition.

13. Yardi tendered the counterclaims to XL for coverage under the Policy, and XL acknowledged receipt of the claim effective April 4, 2011.

14. On July 6, 2011, in response to Yardi's tender, XL acknowledged its defense obligations and authorized Yardi's retention of the law firm of Bingham McCutchen LLP to represent and defend Yardi in the Lawsuit. XL also cited to the Policy's definition of damages along with certain exclusionary language in reserving its rights under the Policy.

15. XL informed Yardi that it would work with Yardi's two other liability insurers, CNA/National Fire Insurance Company of Hartford ("CNA") and Starr Indemnity and Liability Company ("Starr"), which were also defending Yardi against the counterclaims in the Lawsuit, to determine "a fair split" between the three carriers regarding payment of defense costs.

16. XL, CNA, and Starr ultimately agreed between themselves that XL would pay 50% of the defense costs, and that CNA and Starr would split the remaining 50%.

SB 632110 v1:040723.0104       3

COMPLAINT

17. XL, as a representative of CNA and Starr, negotiated the amounts to be reimbursed to Yardi out of the total amounts charged by Bingham McCutchen.

18. Yardi kept XL, CNA and Starr fully informed of the status of negotiations and settlement discussions in both correspondence and conference calls.

19. The Lawsuit settled on July 2, 2012.

20. Yardi incurred substantial fees and costs in the course of defending itself against the counterclaims in the Lawsuit.

21. Since the latter part of 2011, Yardi has submitted billing statements from the Bingham McCutchen firm, as well as bills related to services by contract attorneys and certain experts, to CNA, Starr, and XL on a regular basis.

22. XL, CNA and Starr agreed that CNA would be responsible to review and approve the invoices submitted for reimbursement. Yardi and CNA have spent many hours reviewing and approving these invoices.

23. CNA and Starr have been paying Yardi their agreed-upon share of defense costs in connection with the Lawsuit and in accordance with the invoice approval process agreed to by XL.

24. Through conversations with XL's claims representatives over the course of several months, Yardi was led to believe that payment of XL's share would be forthcoming.

25. On May 11, 2012 – long after XL's payments were due to Yardi – XL again acknowledged in writing its obligation to pay its agreed-to portion of the outstanding defense costs to Yardi.

26. To date, XL has not remitted any payments to Yardi and has provided no further explanation regarding its unreasonable failure to honor its contractual obligations to reimburse defense costs.

27. On March 26, 2012, Yardi received a letter from XL's counsel denying further defense or indemnity coverage in connection with the Lawsuit.

28. Prior to this, Yardi had heard nothing from XL regarding its coverage position for over eight months, a period during which Yardi expended millions of dollars in defending against

SB 632110 v1:040723.0104                4
COMPLAINT

RealPage's counterclaims. The last prior pertinent communication was the July 6, 2011 email from XL authorizing Yardi to retain Bingham McCutchen to defend against the counterclaims.

29. In the March 26, 2012 correspondence, XL, for the first time, set forth its position that no coverage was available under the Policy because RealPage's claims allegedly did not fall within the scope of the policy's coverage grant.

30. This tardy contention was not based on anything new that had occurred during the course of the litigation, but instead was premised on the nature of the counterclaims asserted against Yardi that had been pending since the outset of the case.

31. XL has thus waived, or should be estopped from claiming, that its obligations to pay defense costs are limited to the period running up to March 26, 2012, when XL forwarded its coverage denial letter.

32. In its March 26, 2012 letter, XL incorrectly asserted that, because RealPage's counterclaims "represen[t] a business dispute between two competitors," the claims cannot fall within the policy's definition of "miscellaneous professional services."

33. XL's interpretation of the Policy is restrictive and unreasonable. Contrary to XL's averments, the counterclaims asserted by RealPage were "by reason of an act . . . in the performance of . . . miscellaneous professional services by" Yardi, as required by the Policy.

34. Such professional services, set forth in Item 7 of the Declarations to the Policy, include myriad services provided by Yardi, including consulting, data processing, programming, e-commerce, procurement, publishing, and online resident screening. It is Yardi's conduct in the delivery of such services that was the focal point of RealPage's counterclaims in the Lawsuit.

35. XL also claimed in its March 26, 2012 letter that no coverage was available because "RealPage's claim is not directed against Yardi for the services it provides (or provided) but instead concerns Yardi's misappropriation of trade secrets from RealPage, anti-trust violations and intentionally interfering with RealPage's own clients."

36. Nothing in the Policy, however, requires that the services be directed towards the claimant (here RealPage), or that the damages must arise from the provision of services to the claimant, in order for a claim to fall within the Policy's insuring provisions.

SB 632110 v1:040723.0104                    5

COMPLAINT


37. Moreover, Yardi and RealPage have common clients who purchase integrated products and services from both companies, such that the conduct complained of by RealPage in connection with its counterclaims directly affected the services provided to Yardi's customers.

38. The policy's definition of "personal injury" also encompasses a variety of different forms of conduct that typically are not directed to the recipient of the company's services, including "[p]lagiarism, piracy or misappropriation of ideas or style of doing business" and "[i]nfringement or misappropriation of copyright, title, slogan, trademark, trade name, trade dress, logo, service mark or service name."

39. The counterclaims asserted by RealPage against Yardi fell within these enumerated "personal injury" offenses, including "[f]ailure to prevent unauthorized access to, unauthorized use of . . . data, software, firmware, systems or networks," "misappropriation of ideas," and "service disparagement."

40. XL's denial of coverage was incorrect, unreasonable, and asserted in bad faith.

41. All conditions precedent to coverage have been fulfilled by Yardi or otherwise waived by XL's unreasonable conduct.

## FIRST CAUSE OF ACTION

### Bad Faith

### (Against All Defendants)

42. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

43. Defendants were required to act in good faith and to deal fairly with Plaintiff.

44. Defendants have breached their duty of good faith and fair dealing to Plaintiff in the following respects:

　(a) Unreasonably and in bad faith failing to provide a defense in the Lawsuit, even though the claims asserted in the Lawsuit are potentially covered by the Policy;

　(b) Unreasonably and in bad faith failing to conduct a fair, balanced and thorough investigation;

　(c) Unreasonably and in bad faith failing and refusing to give at least as much consideration to the interests and welfare of Plaintiff as they gave to their own interests;

SB 632110 v1:040723.0104

6

COMPLAINT

   (d) Unreasonably and in bad faith requiring Plaintiff to file suit to obtain the Policy benefits owed;

   (e) Unreasonably and in bad faith failing to diligently search for evidence to support coverage.

45. As a proximate result of the unreasonable and bad faith conduct of Defendants, Plaintiff has been compelled to bear the financial burden of defending against the counterclaims in the Lawsuit. Therefore, Defendants are liable to Plaintiff for the reasonable attorney fees and costs incurred by Plaintiff in defending against the counterclaims in the Lawsuit.

46. As a further proximate result of the unreasonable and bad faith conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiffs for those attorney fees and costs incurred by Plaintiff in the course of obtaining benefits under the Policy in a sum to be determined at the time of trial.

47. As a further proximate result of the unreasonable and bad faith conduct of Defendants, Plaintiff has suffered other consequential economic damages in a sum to be determined at the time of trial.

48. Defendants' conduct described herein was carried out with a conscious disregard of Plaintiff's rights and interests under the Policy. Defendants acted willfully to deprive Plaintiff of Policy benefits in favor of their own financial interests. Defendants' conduct constitutes: (1) malice; (2) oppression; and (3) fraud within the meaning of California Civil Code § 3294. Accordingly, Plaintiff seeks an award of punitive damages in an amount appropriate to punish past conduct and to deter Defendants from continuing said conduct in the future.

49. Defendants' conduct was undertaken by the corporate officers or managing agents of Defendants, identified herein as DOES 1 through 10, who were responsible for claims supervision and operation, underwriting, communications, and/or decisions. The aforementioned conduct of these managing agents and individuals was undertaken on behalf of Defendants. Plaintiff alleges on information and belief that Defendants had advance knowledge of the actions and conduct of these individuals, and that their actions and conduct were ratified, authorized,

SB 632110 v1:040723.0104            7

COMPLAINT

1 and/or approved by managing agents whose precise identities are unknown to Plaintiff at this
2 time, and who are therefore identified and designated herein as DOES 1 through 10.

3   50.  Defendants' unreasonable and bad faith conduct is the legal cause of the
4 substantial harm and damage Plaintiff suffered, including general and special damages, interest,
5 and other economic and consequential damages in amounts to be determined at trial.

## SECOND CAUSE OF ACTION

### Breach of Insurance Contract

### (Against All Defendants)

51.  Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

52.  Defendants breached the terms and provisions of the Policy by refusing to reimburse Plaintiff's defense costs under the Policy, as set forth above.

53.  Defendants breached the terms and provisions of the Policy by denying coverage in connection with the Lawsuit, as set forth above.

54.  As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Declaratory Judgment

### (Against All Defendants)

55.  Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

56.  Plaintiff is a party to the insurance contract with Defendants.

57.  A present and actual controversy between Plaintiff and Defendants exists in that Defendants' refusal to provide Plaintiff with a defense and coverage under the Policy compelled Plaintiff to obtain counsel to represent it in the Lawsuit as well as in the present action to obtain benefits due under the Policy.

58.  Plaintiff requests a declaration from this Court that Defendants have an obligation to pay all costs incurred by Plaintiff in defending against the counterclaims asserted in the Lawsuit, indemnify Plaintiff against the settlement amounts paid in connection with such

SB 632110 v1:040723.0104            8

counterclaims, and pay the attorney fees and costs incurred by Plaintiff in obtaining benefits under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Damages under the Policy for failure to defend and indemnify Plaintiff in the Lawsuit, plus interest, including pre-judgment interest, and other economic and consequential damages, in a sum to be determined at the time of trial;

2. For all economic damages proximately caused by Defendants' conduct;

3. For reasonable attorney fees, witness fees, and costs of litigation incurred by Plaintiff in obtaining the Policy benefits in an amount to be determined at trial;

4. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

5. For costs of suit incurred herein;

6. For a declaration of the rights and obligations of the parties under the Policy; and

7. For such other and further relief as the Court demes just and proper.

Dated: December 5, 2012

ROBERTS LEVIN ROSENBERG PC

By: *[signature]*
BRADLEY A. LEVIN
Attorneys for Plaintiff
YARDI SYSTEMS, INC.

SB 632110 v1:040723.0104

9

COMPLAINT

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Eric Berg (State Bar No. 95647)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101
TELEPHONE NO.: 805.963.7000   FAX NO.: 805.965.4333
ATTORNEY FOR *(Name)*: Plaintiff YARDI SYSTEMS, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: YARDI SYSTEMS, INC. v. INDIAN HARBOR INSURANCE, et al.

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 07 2012

John A. Clarke, Executive Officer/Clerk
BY Cristina Grijalva, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC497064<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 7, 2012

ERIC BERG
*(TYPE OR PRINT NAME)*                                    ▷ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: YARDI SYSTEMS, INC v. INDIAN HARBOR INSURANCE, et al. | CASE NUMBER BC 497064 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL  6  ☐ HOURS/ ☒ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 1 of 4


American LegalNet, Inc.  
www.FormsWorkFlow.com

| SHORT TITLE: YARDI SYSTEMS, INC v. INDIAN HARBOR INSURANCE, et al. | | CASE NUMBER | |
|---|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☒ A6015  Insurance Coverage (not complex) | 1.,(2.) 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 2 of 4



| SHORT TITLE: YARDI SYSTEMS, INC v. INDIAN HARBOR INSURANCE, et al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ/Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 3 of 4

American LegalNet, Inc.  
www.FormsWorkFlow.com